**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARCOS GARCIA,  )
          Plaintiff(s),  )  Case No. 2:16-cv-01018-APG-NJK
                                )
vs.  )  REPORT AND RECOMMENDATION
                                )
CAROLYN W. COLVIN, ACTING  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant(s).  )

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 18. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 21-22. Plaintiff filed a reply. Docket No. 25  This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.  STANDARDS**

    A.  <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the

judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R.

§ 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On May 9, 2011, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of December 1, 2008. Administrative Record ("A.R.") 188-94. Plaintiff's claims were denied initially on April 6, 2012, and upon reconsideration on December 4, 2012. A.R. 138-44. On January 8, 2013, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 145-46. On August 9, 2013, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Craig Ellis. A.R. 57-101. On December 13, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from December 1, 2008 through the date of the decision. A.R. 35-51. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 8, 2016. A.R. 1-6. On May 5, 2016, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1.

### B.   The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on December 13, 2013. A.R. 35-51. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2015, and had not engaged in substantial gainful activity since December 1, 2008. A.R. 40. At step two, the ALJ found that Plaintiff had the following severe impairments: mild L4-5 and moderate L5-S1 intervertebral disc space narrowing; annular tear at L4-5 and L5-S1; mild L5 radiculopathy; seizure disorder; bipolar disorder; and schizoaffective disorder. A.R. 40-41. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed

1  impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 41-42. The ALJ found that Plaintiff
2  had the residual functional capacity to

> perform medium work as defined by 20 C.F.R. 404.1567(c) except the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for six hours out of an eight-hour workday with customary breaks. He can sit for six hours out of an eight-hour workday with customary breaks. He can occasionally climb, balance, stoop, kneel, crouch, and crawl. He is precluded from work at unprotected heights. He is precluded from operating motor vehicles. He is precluded from exposure to hazardous dangerous machinery. He is limited to occasional interaction with supervisors and coworkers. He is precluded from interaction with the public. He is able to understand, remember, and carry out simple instructions. He is able to maintain attendance and follow a work routine with ordinary supervision. He is able to adapt and comply with changes in a work environment as to simple work activity (i.e. one and two-step tasks).

A.R. 42-50. At step four, the ALJ found that Plaintiff was able to perform past relevant work (1) as a linen room attendant as generally performed (but not as actually performed by Plaintiff) and (2) as a cleaner as actually performed by Plaintiff and as generally performed in the regional and national economy. A.R. 50-51. Based on all of these findings, the ALJ found Plaintiff had not been disabled from December 1, 2008 through the date of the decision. *See* A.R. 51.

### III.    ANALYSIS AND FINDINGS

The Commissioner concedes on appeal that the ALJ erred in finding that the RFC was consistent with Plaintiff performing past relevant work as a linen room attendant as generally performed and as a cleaner as actually performed. Docket No. 21 at 4. Accordingly, the sole dispute on appeal is whether the ALJ properly found that Plaintiff can work as a cleaner as generally performed based on the limitations established in the RFC. Plaintiff argues that he cannot perform work as a cleaner as generally performed because such work requires public interaction. In particular, Plaintiff relies on the Dictionary of Occupational Titles, which describes the duties of a cleaner as including "render[ing] personal assistance to patrons." *See* Docket No. 18 at 10; *see also* Docket No. 18-2 (exhibit of Dictionary of Occupational Titles 323.687-014). Plaintiff argues that such duties conflict with the RFC determination that he "is precluded from interaction with the public." *See* Docket No. 18 at 10; A.R. 42. While the Commissioner offers various arguments in response such that the Court should affirm, the undersigned finds none of them to be persuasive.

1   First, the Commissioner posits that the Dictionary of Occupational Titles means only that a cleaner "may" render personal assistance to the public and that such interaction is not a significant aspect of that job. Docket No. 21 at 5; *see also* Dictionary of Occupational Titles 323.687-014 (indicating that "Taking Instructions-Helping" is "Not Significant"). This Court is not the forum to make such arguments. Instead, an ALJ should address with the vocational expert whether conflicts exist between a vocational expert's testimony and the Dictionary of Occupational Titles and, if so, whether there is a reasonable explanation for the conflict. *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (discussing SSR 00-4p); *see also Rosas v. Colvin*, 2015 WL 350354, at *4 (C.D. Cal. Jan. 26, 2015) (applying *Massachi* in the context of a Step Four determination). As such, the Commissioner's arguments in this respect are more properly directed to the ALJ, and remand is proper for the ALJ to make the proper inquiries. *See Massachi*, 486 F.3d at 1153.

Second, the Commissioner argues that Plaintiff's tendency toward violence is controlled through medication. Docket No. 21 at 5. This argument is not persuasive. The ALJ was fully aware of evidence of Plaintiff's stability while compliant with his medication, but the ALJ nonetheless concluded that Plaintiff was limited to no interaction with the public. A.R. 50 (addressing Plaintiff's stability while compliant with his medication); A.R. 42 (RFC that Plaintiff is "precluded from interaction with the public" (emphasis omitted)). The Commissioner essentially asks this Court to either conclude that the RFC does not mean what it says or reassess the RFC in light of the medical evidence. The Court declines to do so. *See, e.g.*, *Munoz v. Astrue*, 2012 WL 2974669, at *5 n.5 (C.D. Cal. July 20, 2012) (courts cannot reassess the medical evidence to find the plaintiff actually possesses greater capacity than indicated in the ALJ's RFC determination).[2]

Third, the Commissioner argues that Plaintiff waived this argument because his attorney did not question the vocational expert about it at the administrative hearing. Docket No. 21 at 5-6. Case law

---

[2] The Commissioner also attempts to minimize the limitation of no public interaction by contending that all of the violent incidents involved domestic violence. Docket No. 21 at 5. As an initial matter, this representation is inconsistent with the record. *See, e.g.*, A.R. 79-81 (detailing physical altercation with co-worker). At any rate, such an observation would not alter the fact that the ALJ formulated an RFC precluding interaction with the public.

within the Ninth Circuit is not consistent with respect to this waiver issue. *Compare Solorzano v. Astrue*, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10, 2012) *with Gonzales v. Astrue*, 2012 WL 2064947, at *4 (E.D. Cal. June 7, 2012). The Court need not definitively weigh in on the issue here based on the limited briefing provided. The Commissioner raises its waiver argument through a few sentences stating in stark terms that "a Social Security claimant must raise issues during the administrative proceedings in order to preserve them for appeal." Docket No. 21 at 5-6. Such a blanket assertion is not consistent with the case law. At bottom, the waiver analysis is a discretionary one subject to exceptions. *See, e.g.*, *Silveira v. Apfel*, 204 F.3d 1257, 1260 n.8 (9th Cir. 2000) (*per curiam*) (distinguishing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), and exercising discretion to decide issue raised for first time on appeal). Moreover, several courts have cast doubt as to the very premise of the Commissioner's position in light of the Supreme Court's determination in *Sims v. Apfel*, 530 U.S. 103, 112 (2000), which held that a claimant may raise for the first time before the court arguments not raised before the Appeals Council. *See, e.g.*, *Brewer v. Colvin*, 2016 WL 4491498, at *4 (C.D. Cal. Aug. 24, 2016) ("*Sims* casts considerable doubt on the continuing validity of the Ninth Circuit's decision in *Meanel*"). The Court will not fill in these gaps for the Commissioner. The Commissioner fails to meaningfully develop her waiver argument and, as a result, the Court declines to consider it. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts are not required to consider arguments that are not meaningfully developed).

In conclusion, this appeal turns on a single issue, whether Plaintiff is capable of performing his past relevant work as a cleaner as generally performed based on the RFC. The RFC precludes Plaintiff from any interaction with the public but the Dictionary of Occupational Titles reflects that the duties of a cleaner include "render[ing] personal assistance to patrons." Remand is appropriate for the ALJ to make appropriate inquiries into this conflict.

//
//
//
//
//

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 18) be **GRANTED** in part and **DENIED** in part, and that Defendant's Cross-Motion to Affirm (Docket No. 21) be **DENIED**. The undersigned **RECOMMENDS** that this case be remanded for the ALJ to make appropriate inquiries as outlined above.

IT IS SO ORDERED.

DATED: February 7, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).