# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| MARCOS GARCIA, | Case No. 2:16-cv-01018-APG-NJK |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION AND REMANDING** |
| NANCY A. BERRYHILL, | |
| Defendant. | (ECF Nos. 18, 21, 26) |

Magistrate Judge Koppe issued a report and recommendation (ECF No. 26) recommending I remand to the administrative law judge ("ALJ") to resolve a conflict between the residual functional capacity ("RFC"), which precluded plaintiff Marcos Garcia from interaction with the public, and the vocational expert's conclusion that Garcia could perform the job of a cleaner, which the Dictionary of Occupational Titles ("DOT") states includes the duties of rendering personal assistance to patrons.

The defendant objects, arguing that the DOT description and the RFC are not in conflict because the DOT indicates interacting with other people is not a significant aspect to the cleaner position. Alternatively, the defendant argues that even if there is a conflict, the ALJ's failure to address it was harmless because the job requires only limited public interaction, and the vocational expert testified that a hypothetical person with Garcia's RFC could perform the cleaner job as generally performed. Finally, the defendant argues that Garcia failed to raise before the ALJ the issue of a conflict between the RFC and the DOT, so that issue has been waived.

I conducted a de novo review under 28 U.S.C. § 636(b)(1). I agree with Magistrate Judge Koppe that remand is appropriate for the ALJ to inquire into the conflict between the RFC's limitation of no public interaction with the DOT's description of the cleaner position. The ALJ will have to resolve whether the RFC's limitation (which appears to preclude any contact with the public) is consistent with a job that has some, albeit insignificant, public interaction.

Even if Garcia waived the issue by not asking the vocational expert about the asserted inconsistency, I have discretion to review an issue not raised before the ALJ to avoid manifest injustice so long as the defendant is not prejudiced. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). The defendant would not be prejudiced by my consideration of the issue because I remand to the ALJ to address it. The defendant can argue to the ALJ that there is no discrepancy between the RFC and the DOT. Failure to resolve the apparent discrepancy may result in the unjustified denial of benefits. I therefore adopt Magistrate Judge Koppe's report and recommendation and remand to the ALJ to address the asserted inconsistency.

IT IS THEREFORE ORDERED that defendant Nancy Berryhill's objections **(ECF No. 27) are overruled** and the report and recommendation **(ECF No. 26) is adopted**.

IT IS FURTHER ORDERED that plaintiff Marcos Garcia's motion to reverse or remand **(ECF No. 18) is GRANTED**.

IT IS FURTHER ORDERED that defendant Nancy Berryhill's cross-motion to affirm **(ECF No. 21) is DENIED**.

IT IS FURTHER ORDERED this matter is **REMANDED** to the Administrative Law Judge for further proceedings consistent with this order.

DATED this 10th day of May, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE