# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARCOS GARCIA, | Case No.: 2:16-cv-01018-APG-NJK |
| Plaintiff | **Order Granting Motion for Attorney Fees** |
| v. | [ECF No. 31] |
| NANCY A. BERRYHILL, | |
| Defendant | |

Plaintiff Marcos Garcia's attorney moves for an award of attorney's fees following Garcia's successful motion for a remand for further proceedings. No party opposed the motion. I grant the motion.

Garcia entered into a contingency fee agreement with his attorneys for 25% of any past-due benefits awarded upon a court-ordered reversal of an unfavorable decision by an administrative law judge. ECF No. 31-2. I reversed the administrative law judge's decision and remanded for further proceedings ECF No. 28. Upon remand, the Social Security Administration awarded Garcia $123,814.00 in past-due benefits.[1] ECF Nos. 31-3, 31-4 at 3.

Under 42 U.S.C. § 406(b)(1)(A), when a claimant who is represented by counsel obtains a favorable court judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of

---

[1] The motion calculates a slightly higher past benefits amount. I base my calculation on the amount the Social Security Administration withheld as 25% of the award.

the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.*

Although other fee-shifting schemes resort to use of the "lodestar" method to calculate a reasonable attorney's fee, § 406(b) is not a fee-shifting statute. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The statute requires the attorney's fee be taken from the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.* Thus, § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only statutorily-imposed constraint is that the fee agreement cannot "provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)(1)(A)).

Consequently, in Social Security cases, I begin with the contingency fee agreement and then "test[] it for reasonableness." *Id.* at 808. "[T]he question is whether the amount need[s to] be reduced, not whether the loadstar amount should be enhanced." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). I may reduce the fee award "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Thus, I "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. I may "consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee." *Id.* (emphasis omitted).

The attorney seeking the fee award bears the burden of establishing the fee sought is reasonable. *Id.* at 1148. The award of fees under § 406(b) lies within my discretion. *Id.* at 1147.

Garcia's attorney requests $18,000.00, which is well below the contingency amount of $30,953.50. ECF Nos. 31 at 3, 31-4 at 3. He presents evidence that counsel spent 11.4 hours on the case and a paralegal spent 3.0 hours. ECF No. 31-5. There is no evidence of substandard performance. Rather, counsel obtained a favorable result of a remand and subsequent award of substantial past benefits. There is no evidence counsel caused any delay to increase the contingent amount. Additionally, the fees are not excessively large in relation to the past-due benefits obtained for the claimant. Garcia's attorney therefore has met his burden of establishing a reasonable fee award in the amount of $18,000.00.

I previously granted the parties' stipulation to award Garcia $2,200.00 in attorney's fees under the Equal Access to Justice Act (EAJA). ECF Nos. 29, 30. Garcia's attorney agrees he will credit this amount against any fee awarded under 42 U.S.C. § 406(b). ECF No. 31 at 1-2; *see also Gisbrecht*, 535 U.S. at 796 (stating that a claimant may obtain fee awards under both § 406(b) and the EAJA but the attorney must refund the smaller fee amount to the claimant).

IT IS THEREFORE ORDERED that the motion for attorney's fees **(ECF No. 31) is GRANTED**. Plaintiff Marcos Garcia's attorney, Cyrus Safa, is awarded attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $18,000.00.

IT IS FURTHER ORDERED that Cyrus Safa shall reimburse plaintiff Marcos Garcia the amount of $2,200.00 for EAJA fees previously paid by the Commissioner.

DATED this 6th day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE